IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, MD, MPH, | ) | C/A No.: 1:12-3404-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| The State of South Carolina; and the City of Columbia, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Petitioner Marie Assa'ad-Faltas ("Petitioner"), proceeding pro se and in forma *pauperis*, filed this habeas petition pursuant to 28 U.S.C. § 2254, challenging a 2010 conviction in the Columbia Municipal Court. [Entry #1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review all pretrial matters in pro se cases and to submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition without prejudice and without issuance and service of process.

I.      Factual Background

The petition seeks habeas relief "from one 9 December 2010 Conviction for 'Front Yard Parking' in Columbia's Municipal Court (CMC)." [Entry #1 at 1]. Petitioner first alleges that "the City of Columbia is not a sovereign as clearly explained in *Jinks v. Richland County, SC*," and, therefore, has "no right to criminalize any conduct . . . ." *Id.* at ¶ 2(a); *see also* ¶ 23. The petition also asserts that the Assistant City Attorney who

prosecuted Petitioner's case "is not an agent of the state of South Carolina," is "adverse to Petitioner in civil matters," and violated state law and the federal constitution during the prosecution. *Id.* at ¶ 2(b),(c). The petition further claims that the City Municipal Court judges are "one-sided and unfair," the parking ordinance under which Petitioner was prosecuted is unconstitutional, and Petitioner received an unfair trial. *Id.* at ¶ 2(d)(e)(f); *see also* ¶¶ 15–17. Petitioner allegedly suffers "collateral consequences" from the 2010 conviction. *Id.* at ¶ 4.

Petitioner claims that she has exhausted all available state remedies. *Id.* She indicates she timely appealed the parking conviction to Richland County's Circuit Court of Common Pleas, but that the state court failed to schedule a hearing until September 2011. *Id.* at ¶ 4 (a)(b). Petitioner claims that she was unable to argue her case because she was not represented by counsel and that on November 2, 2011, the state court dismissed the appeal "solely because she had no attorney." *Id.* at ¶ 4(b). Petitioner appealed to the South Carolina Supreme Court, which returned the pleading to her on December 2, 2011, unfiled, "because she had no attorney." *Id.* at ¶ 4(d). According to Petitioner, the requirement that she procure counsel stems from an allegedly unconstitutional order issued by South Carolina Supreme Court Chief Justice Jean Toal on April 8, 2011. *Id.* at ¶¶ 5–7; *see also* ¶ 19 at 6. Petitioner asks that habeas relief be granted, *id.* at ¶ 24, claiming that the instant habeas petition is filed within one year of the South Carolina Supreme Court's refusal to file her appeal. *Id.* at ¶ 8.

II.     Discussion

    A.          Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Petitioner is not in custody

It is well-settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. LaVallee*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Petitioner hand-delivered the instant petition to the Clerk of Court's Office in Columbia, South Carolina. Thus, Petitioner could not have been incarcerated at the time she filed this case. Further, while the "in custody" requirement has been broadened to include other types of restraint on liberty such as probation and parole, *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012), Petitioner provides no facts in the pleading to demonstrate that she is in custody as required by § 2254(a). Therefore, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

2.  Collateral consequences are not a basis for jurisdiction in the absence of some form of custody

Petitioner alleges unspecified collateral consequences stemming from the challenged conviction. [Entry # 1 at ¶'s 4, 24]. However, "[o]nce the convict's sentence has expired, [] some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if

4

the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Petitioner fails to allege or demonstrate a concrete and continuing injury sufficient to establish collateral consequences related to the challenged conviction.

       3.      State law grounds are not a basis for federal habeas corpus relief

Several of Petitioner's claims for relief are based on alleged violations of state law relating to the authority of municipalities to criminalize conduct and the authority of appointed municipal attorneys to prosecute cases. [Entry # 1, ¶¶ 2, 11, 15–17]. State law grounds are not a basis for federal habeas corpus relief. *Wright v. Angelone*, 151 F.3d 151, 157–58 (4th Cir. 1998) ("a federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States") (internal quotation marks omitted); *see also Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) (argument resting solely upon an interpretation of state statutory law is not cognizable on federal habeas review). Therefore, Petitioner is not entitled to habeas relief for the alleged violations of state law.

       4.      *Jinks v. Richland County* is not applicable to habeas corpus actions

In *Jinks v. Richland Cnty.*, 538 U.S. 456 (2003), the Supreme Court held that the tolling provisions of 28 U.S.C. § 1367(d) were applicable to civil claims against a state's political subdivision brought in state court. Petitioner alleges that the *Jinks* decision supports her claim for habeas relief. [Entry # 1 at ¶'s 2(a), 22–23]. However, while § 1367(d) concerns the tolling provisions under a court's civil "supplemental jurisdiction,"

the statute does not affect how a federal district court adjudicates habeas corpus cases.[1] Accordingly, Petitioner is not entitled to habeas corpus relief based on the holding in *Jinks*.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

February 5, 2013                                   Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] The federal statutory provisions affecting federal habeas corpus cases appear at 28 U.S.C. §§ 2241–2266.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).